CRAWFORD and CUMMING for plaintiffs.

A. B. LONGSTREET for defendants.

---

IN RICHMOND SUPERIOR COURT, JULY, 1832.

## GAZAWAY B. LAMAR vs. JOSEPH P. MAHONY.

### Assumpsit, and Motion for New Trial.

THIS case was tried upon a plea to the jurisdiction of the court, the defendant alleging his residence to have been in Columbia County at the service of the writ. The verdict is against the plea, upon which the defendant moves for a new trial on the following grounds.

1. The verdict of the jury is contrary to evidence, because the proof was that Joseph P. Mahony was not resident of Richmond, but of Columbia county, at the time of the service of the writ.

2. Because the verdict is against law, since a man may reside in any county of the State with an intention to remove further; and then he is liable to be sued *in the county of*

RICHMOND,
July, 1832.

LAMAR
v.
MAHONY.

circumstances
showing an *animus manendi*.

*his residence* and not in *that* from which he originally removed, and *where his residence no longer is.*

3. Because the verdict is against justice, law, evidence, and the constitution of the State.

*Per Curiam.* In deciding this motion it is not necessary to consider these grounds severally, as it depends chiefly upon the first ; being a question of residence. The proof showed, that some few months before action brought, the defendant who for many years had been a resident of Augusta ceased to rent a house there, with the intention of removing to some of the Western Counties of the State, and that he did actually remove as far as the county of Columbia, where, in consequence of the indisposition of his wife, and the necessity of attending to some unfinished business in Augusta, he remained at the house of his mother-in-law until the writ was served ; that he soon after abandoned his intention of settling in any of the Western Counties, and again returned, with his family to Augusta, where he still lives. It was clear, that, at the service of the writ, the defendant had no fixed residence in the county of Richmond. And it is admitted that his journey was not pursued, and that he never reached his intended place of residence. The only question is, whether, by his stay in Columbia, he acquired a legal residence there. And this depends altogether upon the intention of the defendant at the time of going into that county, or while there, to remain permanently ; and not upon his manner of living, as an independent housekeeper or a mere boarder, nor upon the length of time he was there. To constitute a legal residence, there must be the concurrence of an actual residence, and an intention to remain. Every man is free to choose his place of residence, and if such choice be made, a day or an hour in that place will give the right of residence there. Whether such choice have or have not been made, is a question of fact for the jury, to be determined, not alone from express words of election (which might not at all times be proper testimony) but from attendant circumstances showing an *animus manendi*. The jury which tried this cause were particularly instructed by the court, that if they found the defendant to have gone from Richmond to Columbia with the intention of remaining there, his plea must prevail. But if, on the contrary, he had no such intention, that he had actually chosen a different place for his residence, and that he was in Columbia but temporarily until the health of his family or other circumstances might enable him to prosecute the intention with which he left Richmond, his plea must fail ; for the *animus* which is essential to constitute legal residence would be wanting, and the defendant would be considered *in itineri*, a mere sojourner there ; and that whether his original design were subsequently prosecuted or abandoned by him, could in no other way affect the case than

as a circumstance from which intention might be inferred. The jury have found against the plea : and as the court after having heard argument and considered of this case, believes they were properly instructed, their verdict will not be disturbed.    If the defendant had no residence in *Columbia,* none of his *Constitutional* rights have been violated, and *justice* requires he should pay a debt against which he has no defence whatever.

The motion is refused, and execution ordered to issue.

J. P. KING for plaintiff.

R. R. REID for defendant.